## W. T. Wilton and Cave Valley Land and Cattle Co. v. Wiley Philips and Thomas Philips.

1. VERDICTS—*When Warranted by the Evidence.*—Where the evidence is sufficient to warrant the finding, the court will not err in refusing an instruction to find for the defendant.

Appeal from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

JAMES H. MARTIN, attorney for appellants.

R. J. McELVAIN, attorney for appellees.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

By lease dated March 1, 1898, appellant leased to appellees about fifty acres of land in Jackson county, for the term of one year from that date, for which, as stipulated rent, appellees were to deliver to appellant, at its cribs in Cave Valley, by the 15th of December after the date of the lease, one-third of the corn raised on the premises, and to deliver to the appellant "all stock (stalk) fields and winter pasturage on said premises."

Appellees delivered the corn in accordance with the terms of the lease, but on account of rains did not get their share harvested by the 15th of December, and early in January,

1899, appellant turned a drove of cattle into the corn field and they ate up and destroyed appellees' corn. Appellees brought suit for the alleged trespass before a justice of the peace, and recovered a judgment against appellant, who appealed to the Circuit Court, where the case was again tried, and appellees recovered a verdict and judgment for $45 and costs, from which this appeal was taken.

At the close of the evidence, appellant asked the court to give to the jury an instruction to find for the defendant, which was refused, and this was the only instruction asked by either party to the case. No exception was taken by appellant to any ruling of the court in the admission or exclusion of evidence, and the only question raised on the record is the refusal of the court to give appellant's instruction; hence whatever other questions, if any, might have been raised had the record been put in different shape from what it is, we need not inquire.

The corn taken and fed to or destroyed by appellant's cattle, was the personal property of appellees, and the trespass for which the suit was brought was not for injury to the realty.

There was evidence by one of the appellees, and by appellant's general manager, from which the jury were warranted in finding that the time fixed in the lease in which appellees were to have had their corn gathered, was extended beyond the 15th of December, and that appellees were to notify appellant's general manager as soon as the corn was gathered, and appellees having evidently relied upon this arrangement it was no excuse for the wrong done appellees that appellant's general manager " did not know," as he testified, that the corn was not all gathered when he ordered the cattle turned into the field; and while this evidence might perhaps have been kept from the jury, because the lease was under seal, it was not objected to, and if its effect was harmful to appellant, it is now too late to give to it the benefit of a technical rule of law which, had it been invoked at the proper time, might have been instrumental in wronging appellees.

The evidence before the jury was quite sufficient to warrant them in finding the verdict they did, and the court did not err in refusing the instruction. No rule of law has been violated. Substantial justice has been done and the judgment is affirmed.